**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE ERNESTO REYES-TORRES, | No. 09-70204 |
| Petitioner, | Agency No. A070-780-311 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Jose Ernesto Reyes-Torres, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and protection under the Convention Against Torture (CAT), and denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his application for cancellation of removal. Our jurisdiction is governed by

8 U.S.C. § 1252. We review factual findings for substantial evidence,

*Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and

dismiss in part the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding

of removal because, even if Reyes-Torres had testified credibly, he could not

establish eligibility for relief because he failed to show that guerrillas threatened

him on account of a protected ground. *See Elias-Zacarias*, 502 U.S. 478, 482-83

(1992) (holding that forced recruitment alone is not enough to show persecution on

account of political opinion). Moreover, his fear of future persecution based on an

actual or imputed anti-gang opinion is not on account of the protected ground of

either membership in a particular social group or political opinion. *Ramos Barrios

v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus*, 542 F.3d at 745-

46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is

not available to victims of civil strife, unless they are singled out on account of a

protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on

the Board's finding that Reyes-Torres did not establish a likelihood of torture by,

at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

As for Reyes-Torres's cancellation claim, we lack jurisdiction to review the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his legal permanent resident father or his U.S. citizen child. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**